# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1575V

| | |
|---|---|
| LUIS GUZMAN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 7, 2024 |

*Ramon Rodriguez, III*, Sands Anderson PC, Richmond, VA, for Petitioner.

*Sarah B. Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 13, 2023, Luis Guzman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") after receiving a tetanus, diphtheria, and pertussis ("Tdap") vaccine on November 1, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 5, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On August 6, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $65,072.34, representing $65,000.00 for pain and suffering and $72.34 for past unreimbursable expenses. Proffer at 1-2. Respondent has also indicated that Petitioner should be awarded $2,628.95 for satisfaction of a subrogated Medicaid lien. *Id.* In the Proffer,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

1) **a lump sum payment of $65,072.34 in the form of a check payable to Petitioner; and**

2) **a lump sum payment of $2,628.95 in the form of a check payable jointly to Petitioner and Optum, PO Box 182643, Columbus OH 43218.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LUIZ GUZMAN,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 23-1575V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 13, 2023, Luiz Guzman ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), as the result of a tetanus, diphtheria, and pertussis ("Tdap") vaccine administered on November 1, 2020. Petition at 1.

On April 21, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and, on August 5, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 20, 30.

**I.**  **Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $65,000.00 in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $72.34. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy a subrogated Medicaid lien in the amount of $2,628.95, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona or Optum Healthcare may have against any individual as a result of any Medicaid payments made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about November 1, 2020 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A. A lump sum payment of **$65,072.34** in the form of a check payable to petitioner; and

B. A lump sum payment of **$2,628.95**, representing compensation for satisfaction of a

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

subrogated Medicaid lien, in the form of a check payable jointly to petitioner and:

Optum
PO Box 182643
Columbus, OH 43218

Petitioner agrees to endorse the check to Optum for satisfaction of the Medicaid lien.

> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Director
> Torts Branch, Civil Division
>
> HEATHER L. PEARLMAN
> Deputy Director
> Torts Branch, Civil Division
>
> JULIA M. COLLISON
> Assistant Director
> Torts Branch, Civil Division
>
> <u>s/Sarah B. Rifkin</u>
> SARAH B. RIFKIN
> Trial Attorney
> Torts Branch, Civil Division
> U.S. Department of Justice
> P.O. Box 146, Benjamin Franklin Station
> Washington, D.C. 20044-0146
> Tel: (202) 305-5997
> Sarah.Rifkin@usdoj.gov

<u>Dated: August 6, 2024</u>